

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

May 10, 2021

<u>Via Email</u>
Nathan Miller
Suhre & Associates, LLC
214 S. Clay Street, Suite A
Louisville, KY 40202
nmiller@suhrelaw.com

Eugene Gorokhov
Burnham & Gorokhov PLLC
1424 K Street, NW, Suite 500
Washington, DC 20005
eugene@burnhamgorokhov.com

Counsel for Chad Barrett Jones

      Re:    *United States v. Chad Barrett Jones*
              Case No. 1:21-cr-00213-RJL

Dear Counsel:

      As a follow-up to the informal discovery provided on March 23, 2021, and April 15, 2021, this letter notes that on May 10, 2021, the formal, serialized discovery production entitled "**Volume 1 (JonesC_01)**" was provided to defense counsel via filesharing.  The production begins with Bates-stamp CAP01_000000001 and ends with Bates-stamp CAP01_000002578. The contained materials are described in the attached index.

      Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the government anticipates that a large volume of materials may contain information relevant to this prosecution. These materials may include, but are not limited to, surveillance video, statements of similarly situated defendants, forensic searches of electronic devices and social media accounts of similarly situated defendants, and citizen tips.  The government is working to develop a system that will facilitate access to these materials.  In the meantime, please let me know if there are any categories of information that you believe are particularly relevant to your client.

The discovery is unencrypted. Please contact me if you have any issues accessing the information, and to confer regarding pretrial discovery as provided in Fed. R. Crim. P. 16.1.

This material is subject to the terms of the Protective Order issued in this case. All materials marked "Sensitive" and "Highly Sensitive" on the index should be treated in accordance with the Protective Order.

I recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16. I will provide timely disclosure if any such material comes to light. Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, I will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries. I also request that defendant(s) disclose prior statements of any witnesses defendant(s) intends to call to testify at any hearing or trial. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975). I request that such material be provided on the same basis upon which the government will provide defendant(s) with materials relating to government witnesses.

Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that defendant(s) provide the government with the appropriate written notice if defendant(s) plans to use one of the defenses referenced in those rules. Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

I will forward additional discovery as it becomes available. If you have any questions, please feel free to contact me.

Sincerely,

Candice C. Wong
Assistant United States Attorney
202-252-7849
Candice.wong@usdoj.gov