UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim No. 1:21-cr-00213-RJL |
| | : | |
| CHAD BARRETT JONES, | : | |
| | : | |
| Defendant. | : | |

## UNITED STATES' CONSENT MOTION TO
## CONTINUE AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America (the "government"), with the consent of counsel for the defendant, Chad Barrett Jones, hereby moves this Court for an approximately 30-day continuance until on or about July 14, 2022, or until the date of the next status hearing in this case, to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*. In support of this consent motion, the undersigned states as follows:

1. The parties last convened for a status hearing on December 2, 2021.  Since that date, the government has made eight additional discovery productions to the defendant.   On December 20, 2021, January 18, 2022, February 3, 2022, March 5, 2022, and April 4, 2022, the government made "global" discovery productions to counsel for the defendant.  On January 10, 2022, April 3, 2022, and May 19, 2022, the government made additional defendant-specific discovery productions via USAfx and email to counsel for the defendant of materials including the scoped results of search warrants for the defendant's cell phone and iCloud account, additional open-source video purporting to capture the defendant inside the Capitol, and updated damage assessments from the Architect of the Capitol.

2. On April 19, 2022, the government filed a consent motion to continue and exclude time under the Speedy Trial Act. On April 20, 2022, the Court entered an Order granting the motion. The Court ordered that the time period from the date of the Order through June 17, 2022, be excluded from the computation of time under the Speedy Trial Act and found that such a continuance was in the interest of justice.

3. Counsel for the government has sought and obtained the necessary approvals to engage in additional plea negotiations with defense counsel. Defense counsel has also informed the government that it intends on extending a plea offer / counteroffer. The parties therefore seek an additional continuance of approximately 30 days to engage in plea negotiations in an attempt to resolve this matter and avoid the need for a trial.

WHEREFORE, the United States, with the consent of counsel for the defendant, respectfully requests that this Court grant the motion for an approximately 30-day continuance of the above-captioned proceeding, or until the next status hearing set by the Court, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), and failure to grant such a continuance would result in a miscarriage of justice.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar Number 481052

By:   /s/ Stephen J. Rancourt
        Stephen J. Rancourt
        Texas Bar No. 24079181
        Assistant United States Attorney, Detailee
        601 D Street, NW
        Washington, D.C. 20530
        (806) 472-7398
        stephen.rancourt@usdoj.gov