UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Crim No. 1:21-cr-00213-RJL |
| : | |
| CHAD BARRETT JONES, : | |
| : | |
| Defendant. : | |

**UNITED STATES' CONSENT MOTION FOR STATUS CONFERENCE**

The United States of America (the "government"), with the consent of counsel for the defendant, Chad Barrett Jones, hereby moves this Court for a Status Conference, and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* until the next hearing. In support of this consent motion, the undersigned states as follows:

1. The parties last convened for a status hearing on December 2, 2021. Since that date, the government has made twelve additional discovery productions to the defendant. On December 20, 2021, January 18, 2022, February 3, 2022, March 5, 2022, and April 4, 2022, April 26, 2022, May 10, 2022, June 27, 2022, and July 12, 2022 the government made "global" discovery productions to counsel for the defendant. On January 10, 2022, April 3, 2022, and May 19, 2022, the government made additional defendant-specific discovery productions via USAfx and email to counsel for the defendant.

2. The parties have been engaged in active plea negotiations. On June 15, 2022, counsel for Mr. Jones submitted a proposed plea offer to the government, and on June 21, 2022, the government responded with a counteroffer. In early July 2022, the government re-provided approximately 41 gigabytes of defendant-specific multimedia discovery to

include body worn camera footage, closed circuit television footage, and open-source video footage from January 6. Defense counsel requested more time to review this footage in depth with his client and for the government's plea offer to be prolonged so he could make an informed decision regarding the government's offer. The government agreed.

3. On July 12, 2022, the government filed a Consent Motion to Continue Time under the Speedy Trial Act, which was granted on July 14, 2022. The Court Ordered that the time between July 17, 2022 and August 17, 2022 be excluded from the computation of time within which trial must commence under the Speedy Trial Act.

4. Despite the parties' efforts, plea negotiations have broken down, and the parties appear unable to resolve this case via a plea bargain. The parties therefore respectfully request a Status Conference to discuss a potential trial date and scheduling order. The parties further request that the time between the filing of this Motion and the Status Conference be excluded be excluded from the computation of time within which trial must commence under the Speedy Trial Act.

WHEREFORE, the United States, with the consent of counsel for the defendant, respectfully requests that this Court grant the motion for Status Conference, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), and failure to grant such a continuance would result in a miscarriage of justice.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar Number 481052

By:   */s/ Stephen J. Rancourt*
        Stephen J. Rancourt
        Texas Bar No. 24079181
        Assistant United States Attorney, Detailee
        601 D Street, NW
        Washington, D.C. 20530
        (806) 472-7398
        stephen.rancourt@usdoj.gov