UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | ) Criminal Case No. 21-213 (RJL) |
| | ) |
| CHAD BARRETT JONES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### Notes for Oral Ruling from the Bench under Rule 23(c)

The following are notes that the Court used when delivering its oral verdict today:

**Background**

Chad Barrett Jones is charged with nine offenses related to his conduct at the United States Capitol on January 6, 2021. To reach a verdict, the Court has relied only upon admitted evidence and testimony, to include the stipulations. And those verdicts are based on the entirety of the record.

The Court will now proceed through each of the nine charges.

First, the Court will address Counts 1, 2, and 3.

**Count 1: Civil Disorder**

Count 1 charges Jones with a violation of 18 U.S.C. §§ 231(a)(3) for civil disorder. The elements of this offense are:

> *First*, the defendant knowingly committed the act;
>
> *Second*, in committing that act, the defendant intended to obstruct, impede, or interfere with one or more law enforcement officers;

> *Third*, at the time of the defendant's act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder;
>
> *Fourth*, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

To begin, the Court finds beyond a reasonable doubt that that the events of January 6, 2021 constituted a civil disorder, defined by statute in 18 U.S.C. § 232(1) as "any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." The Capitol riots included acts of violence by a group much larger than three persons and both caused immediate danger to the law enforcement officers protecting the Capitol and resulted in damage to Capitol property.

As to the first two elements, the Court finds beyond a reasonable doubt that Jones knowingly committed the act with the intended purpose of obstructing, impeding, or interfering with the United States Capitol Police and the Metropolitan Police Department. The evidence shows that: Jones was aware of, and at times stood among, the large groups of people present at the Capitol on January 6, 2021, some of whom were engaged in acts of violence against law enforcement officers;[1] Jones was aware of the line of police officers at the west lawn of the Capitol and maneuvered to the scaffolding behind the police line;[2] Jones entered into the Capitol building and made his way to the front of the Speaker's Lobby doors, which were barricaded and guarded by law enforcement officers, and he attempted to break down the glass window to one of the doors to the Speaker's Lobby just a very short distance off of the floor of the House Chamber;[3] thereafter, Jones having witnessed a woman being shot by law enforcement for attempting to climb through an open window of the barricaded door at the Speaker's Lobby, he evaded attempts by law enforcement officers to vacate him and others from the Capitol building.[4]

As to the third element, the parties stipulated to the following: "[o]n January 6, 2021, officers from the United States Capitol Police (USCP) on the U.S. Capitol Grounds and in the U.S. Capitol building were engaged in their official duties as officers or employees of the United States" and "officers from the Washington D.C., Metropolitan Police Department (MPD) on the U.S. Capitol Grounds and in the U.S. Capitol building were assisting officers from the USCP who were engaged in their official duties."[5]

---

[1] Jones testimony on Gov't Cross Examination (July 19, 2023).
[2] Jones testimony on Gov't Cross Examination (July 19, 2023).
[3] Gov't Ex. 605.
[4] Jones testimony on Gov't Cross Examination (July 20, 2023).
[5] Gov't Ex. 1003.

As to the fourth element, the parties stipulated to the following: "[t]he events on the Grounds of the U.S. Capitol and in the U.S. Capitol building on January 6, 2021, obstructed, delayed or adversely affected commerce or the movement of any article or commodity in commerce."[6]

Accordingly, the Court finds Jones is GUILTY of Count 1: Civil Disorder.

**Count 2: Destruction of Government Property**

Count 2 charges Jones with a violation of 18 U.S.C. § 1361 for destruction of government property. The Government has indicated they are only seeking a misdemeanor violation.

As such, the elements of the misdemeanor offense are:

> *First*, the defendant injured, damaged, or destroyed property;
>
> *Second*, the defendant did so willfully;
>
> *Third*, the property involved was property of the United States, or of any department or agency thereof;

The Court finds beyond a reasonable doubt that Jones willfully damaged the door to the Speaker's Lobby, which is property of the United States, by striking the already cracked window of one of the doors nine times with his wooden flagpole.[7]

Accordingly, the Court finds Jones is GUILTY of Count 2: Misdemeanor Destruction of Government Property.

**Count 3: Obstruction of an Official Proceeding**

Count 3 charges Jones with a violation of 18 U.S.C. § 1512(c)(2) for obstruction of an official proceeding.

The elements of the offense are:

> *First*, the defendant attempted to or did obstruct or impede an official proceeding;
>
> *Second*, the defendant intended to obstruct or impede the official proceeding;

---

[6] Gov't Ex. 1001.
[7] Gov't Ex. 605; Jones testimony on Direct Examination (July 19, 2023).

*Third*, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding;

*Fourth*, the defendant acted corruptly.

As to the first element, the parties stipulated to the following:[8] "On January 6, 2021, a joint session of the United States Congress convened at the Capitol. During the joint sessions, elected members of the United States House of Representatives and the United States Senate were meeting … to certify the vote count of the Electoral College of the 2020 Presidential Election…" Moreover, the parties stipulated to the fact that the Senate was in recess that day from 2:12pm to 8:06pm and the House was in recess from 2:29pm to 9:02pm. The Court finds beyond a reasonable doubt that Jones obstructed the certification of the 2020 Presidential Election. Along with the actions of the other protestors at the Capitol on January 6, 2021, Jones' activity inside the Capitol, to include attempting to break open the window on one of the doors leading to the Speaker's Lobby just a short distance off the floor of the House Chamber, prevented the House and Senate from returning from recess and completing the certification of the 2020 Presidential Election.

As to the second and third elements, the Court finds beyond a reasonable doubt that Jones acted knowingly and intended to obstruct or impede the certification of the 2020 Presidential Election. The evidence shows that: on January 4, 2021, Jones reposted onto his Facebook account a statement from Senator Josh Hawley objecting to the certification of the electoral college results on January 6 due to his concerns about election interference and concerns about the integrity of the election;[9] on January 6, 2021, while Jones is inside the Capitol building, he received and read a text message from his friend who informed Jones that "they had to stop the debate y'all have disrupted it LOL" and yet Jones continued his conduct in the Capitol building;[10] Jones testified that his intent for traveling to Washington, D.C. on January 6, 2021 was because he believed there were "irregular[ities] with the election"[11] and as a result he wanted to be "loud" and "to be heard."[12] When he took these knowing actions on January 6, 2021, Jones was aware of the official proceedings that were happening in the Capitol and he knew his actions would and intended for his actions to disrupt the proceedings.

As to the fourth element, the Court finds beyond a reasonable doubt that Jones acted corruptly – that is he used independently unlawful means or acted with an unlawful purpose, or both, and that he acted with consciousness of wrongdoing. The evidence shows that: Jones used a wooden flagpole to strike nine times at the window of one of the barricaded doors of the Speaker's lobby, [13] a door which Jones could see was being guarded

---

[8] Gov't Ex. 1000.
[9] Gov't Ex. 506.
[10] Gov't Ex. 516.
[11] Jones testimony on Gov't Cross Examination (July 19, 2023).
[12] Gov't Ex. 804A5.
[13] Gov't Ex. 605.

by law enforcement officers, and on a day when he knew Congress was meeting to certify the election; when he received a text message on the evening of January 6, 2021 from his brother-in-law asking him if he went into the Capitol, his first response was to deny going into the Capitol;[14] Jones testified to throwing away the wooden flagpole and deleting his social media accounts shortly after leaving the Capitol.[15] The evidence supports the Court's finding that Jones acted with unlawful purpose and consciousness of wrongdoing.

Accordingly, the Court finds Jones is GUILTY of Count 3: Obstruction of an Official Proceeding.

Before proceeding to the elements and verdict for Counts 4, 5, and 6, the Court will briefly discuss the "deadly or dangerous weapon" element common to the three counts. After the Government rested, the Court granted the Defendant's Rule 29 Motion only as to the "deadly and dangerous weapon" element for Counts 4, 5, and 6.

The Court finds that the Government did *not* prove that Jones carried or used a deadly or dangerous weapon during and in relation to the offense, consistent with the statute and the caselaw in this Circuit. In *United States v. Vinton*, 594 F.3d 14 (D.C. Cir. 2010), the D.C. Circuit explained when interpreting a D.C. law with an analogous prohibition on "carry[ing] … any deadly or dangerous weapon" that a "deadly or dangerous weapon" is an object that is "likely to produce death or great bodily injury by the use made of it." There are two categories of such objects.

First, objects can be "deadly or dangerous weapons" if they are "inherently dangerous" – that is, they are objects "that in its ordinary use it is likely to cause great bodily injury," *id*. at 22, such as guns. Neither party contests that the wooden flagpole Jones carried into the Capitol on January 6, 2021 is *not* an inherently dangerous weapon.

Second, as explained by the Circuit in *United States v. Arrington*, 309 F.3d 40 (D.C. Cir. 2002) and my colleague Judge Cooper in *United States v. Robertson*, 610 F.Supp.3d 229 (D.D.C. 2022), deadly or dangerous weapons can also be objects that are not inherently dangerous but are used or carried in a way to make it capable of causing death or great bodily harm. Jones' wooden flagpole is also *not* appropriately categorized as such an object.

Although the evidence does show Jones striking the window of the door to the Speaker's Lobby with the wooden flagpole, Jones never *used* it to cause death or great bodily harm to another individual. Moreover, the Government does not present evidence sufficient to prove beyond a reasonable doubt that Jones *carried* the wooden flagpole with the intent to

---

[14] Gov't Ex. 514.
[15] Jones testimony on Direct Examination (July 20, 2023).

use it in a manner capable of causing serious injury to a person. The wooden flagpole Jones carried is undoubtedly capable of causing serious bodily injury, as is evidenced by the damage Jones inflicted on the window to the Speaker's Lobby door.[16] But the Government does not present sufficient evidence to support a finding that Jones carried the wooden flagpole with an intent to use it in a manner capable of causing serious injury to an individual. Unlike the defendant in *Robertson*, Jones did not wield the wooden flagpole in a threatening way or attempt to block or push people back using the object. Even when Jones was being physically pushed out of the Capitol Building by law enforcement officers, Jones never utilized the wooden flagpole in a manner that indicated he intended to cause serious injury to an individual.

The Court will now address the misdemeanor violations for Counts 4, 5, and 6.

**Count 4: Entering and Remaining in a Restricted Building**

Count 4 charges Jones with a violation of 18 U.S.C. § 1752(a)(1) for entering and remaining in a restricted building.

The elements of the misdemeanor offense are:

> *First*, the defendant entered or remained in a restricted building or grounds without lawful authority to do so;
>
> *Second*, the defendant did so knowingly;

As to the first element, the parties have stipulated that on January 6, 2021, Jones "enter[ed] the Capitol at 2:34 p.m. through the Upper West Terrace Door … and [left] the Capitol at 2:57 p.m. through the Upper House Door."[17] The Court finds beyond a reasonable doubt that the Capitol Building was restricted at the time of Jones' entry. Section 1752(c) defines "restricted building or grounds" to include "any posted, cordoned off, or otherwise restricted area … where the President or other person protected by the Secret Service is or will be temporarily visiting." The Capitol Building was cordoned off on January 6 and restricted to members, staff, security personnel, and then-Vice President Pence and members of his immediate family.[18] The Court also finds that Jones was without lawful authority in entering and remaining in the Capitol Building on January 6, 2021.

As to the second element, the Court finds beyond a reasonable doubt that Jones entered and remained in the restricted areas knowingly. The evidence shows that: Jones walked

---

[16] Gov't Ex. 605.
[17] Gov't Ex. 1009.
[18] Gov't Ex. 209; Gov't Ex. 302; Gov't Ex. 300.

past bike racks and police lines on the Capitol grounds and maneuvered into the Capitol Building behind them;[19] indeed, Jones was at an outdoor barricade on the West Front when the police were using non-lethal munitions his way to prevent individuals from moving past the police line;[20] when Jones entered into the Capitol Building through the Upper West Terrace Door, he heard a loud alarm signaling that the area he is entering was restricted;[21] Officer Junior testified that his colleague, Officer Millard, was telling those who entered via the Upper West Terrace Doors to leave.[22]

Accordingly, the Court finds Jones GUILTY of Count 4: Misdemeanor Entering and Remaining in a Restricted Building.

**Count 5: Disorderly and Disruptive Conduct in a Restricted Building**

Count 5 charges Jones with a violation of 18 U.S.C. § 1752(a)(2) for disorderly and disruptive conduct in a restricted building.

The elements of the misdemeanor offense are:

> *First*, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;
>
> *Second*, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions;
>
> *Third*, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

As to the first element, the Court finds beyond a reasonable doubt that Jones engaged in disorderly or disruptive conduct in the Capitol Building, which as discussed earlier, was restricted at the time of Jones' entry. As Jones himself admitted, he was in the Capitol Building and struck the window of one of the doors to the Speaker's Lobby with a wooden flagpole nine times.[23]

As to the second element, the Court finds beyond a reasonable doubt that Jones knowingly engaged in disorderly and disruptive conduct. Jones himself admitted that the reason he

---

[19] Gov't Ex. 804A1.
[20] Gov't Ex. 700.
[21] Gov't Ex. 601.
[22] Adam Junior testimony on Direct Examination (July 18, 2023).
[23] Gov't Ex. 605.

was at the Capitol was to yell, cheer, be loud, and be heard.[24] The Court finds, as discussed earlier, that Jones knowingly engaged in his disorderly and disruptive conduct in order to impede or disrupt the certification of the 2020 Presidential Election.

As for the final element, the Court finds beyond a reasonable doubt that Jones' conduct did in fact contribute to preventing the House and Senate from returning from recess and completing the certification of the 2020 Presidential Election.

Accordingly, the Court finds Jones GUILTY of Count 5: Misdemeanor Disorderly and Disruptive Conduct in a Restricted Building.

**Count 6: Engaging in Physical Violence in a Restricted Building**

Count 6 charges Jones with a violation of 18 U.S.C. § 1752(a)(4) for engaging in physical violence in a restricted building.

The elements of the misdemeanor offense are:

> *First*, the defendant engaged in an act of physical violence against a person or property in, or in proximity to, a restricted building or grounds;
>
> *Second*, the defendant did so knowingly.

The Court finds beyond a reasonable doubt that Jones knowingly used a wooden flagpole to strike the window to the door of the Speaker's Lobby nine times,[25] thus engaging in physical violence against property in a restricted building.

The Court finds Jones GUILTY of Count 6: Misdemeanor Engaging in Physical Violence in a Restricted Building.

**Count 7: Disorderly Conduct in a Capitol Building**

Count 7 charges Jones with a violation of 40 U.S.C. § 5104(e)(2)(D) for engaging in disorderly conduct in a Capitol Building.

The elements of the misdemeanor offense are:

---

[24] Gov't Ex. 804A5
[25] Gov't Ex. 605.

> *First*, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds;
>
> *Second*, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either house of Congress;
>
> *Third*, the defendant acted willfully and knowingly.

As to the first element, the Court finds beyond a reasonable doubt that Jones engaged in disorderly or disruptive conduct in the Capitol Building. As stated previously, Jones himself admitted to being inside the Capitol Building and striking the window of the doors to the Speaker's Lobby with a wooden flagpole nine times.[26]

As to the second and third elements, the Court finds beyond a reasonable doubt that Jones willfully and knowingly engaged in disorderly or disruptive conduct in the Capitol Building in order to impede, disrupt, or disturb a session of Congress or either house of Congress. The evidence shows: Jones knew Congress was certifying the electoral college results of the 2020 Presidential Election on January 6, as evidence by his Facebook activities;[27] on January 6, 2021, while Jones is inside the Capitol building, he receives and read a text message from a friend informing him that Congressional debates have been interrupted due to the conduct of Jones and other protestors and yet Jones continued his conduct in the building;[28] Jones testified that his intent for traveling to Washington D.C. on January 6, 2021 was because he believed there were "irregular[ities] with the election"[29] and as a result he wanted to be "loud" and "to be heard."[30] Jones' conduct inside the Capitol Building on January 6, 2021 was intended to disrupt the certification of the 2020 Presidential Election and he acted willfully and knowingly.

The Court finds Jones GUILTY of Count 7: Misdemeanor Disorderly Conduct in a Capitol Building.

**Count 8: Act of Physical Violence in a Capitol Building**

Count 8 charges Jones with a violation of 40 U.S.C. § 5104(e)(2)(F) for an act of physical violence in a Capitol Building.

The elements of the misdemeanor offense are:

---

[26] Gov't Ex. 605.
[27] Gov't Ex. 506.
[28] Gov't Ex. 516.
[29] Jones testimony on Gov't Cross Examination (July 19, 2023); Gov't Ex. 512.
[30] Gov't Ex. 804A5.

> *First*, the defendant engaged in an act of physical violence within the Capitol Building;
>
> *Second*, the defendant acted willfully and knowingly.

Section 5104 defines "act of physical violence" to mean any act involving "damage to, or destruction of, real or personal property."[31] The Court finds beyond a reasonable doubt that Jones willfully and knowingly used a wooden flagpole to strike the window on one of the door leading to the Speaker's Lobby nine times,[32] resulting in damage to the door, thus engaging in an act of physical violence against property in the Capitol Building.

The Court finds Jones GUILTY of Count 8: Act of Physical Violence in a Capitol Building.

**Count 9: Parading, Demonstrating, or Picketing in a Capitol Building**

Count 9 charges Jones with a violation of 40 U.S.C. § 5104(e)(2)(G) for parading, demonstrating, or picketing in a Capitol Building.

The elements of the misdemeanor offense are:

> *First*, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings;
>
> *Second*, the defendant acted willfully and knowingly.

The terms "parade" and "picket" have their ordinary meanings and the term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings or meetings, but does not include activities such as quiet praying.

As to the first element, and for reasons already provided, the Court finds beyond a reasonable doubt that Jones demonstrated in the Capitol building because his conduct disrupted the orderly business of Congress to certify the election.

As to the second element, and again for reasons already stated, the Court finds beyond a reasonable doubt that Jones acted knowingly and willfully.

The Court finds Jones GUILTY of Count 9: Parading, Demonstrating, or Picketing in a Capitol Building.

---

[31] 40 U.S.C. § 5104(a)(1)(B).
[32] Gov't Ex. 605.