## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | |
| | * | **Case No. 21-cr-213-RJL** |
| **CHAD BARRETT JONES** | * | |
| | * | |
| **Defendant.** | * | |

## MOTION TO STAY PROCEEDINGS OR IN THE ALTERNATIVE TO CONTINUE SENTENCING

The Defendant, Chad Barrett Jones, by and through counsel, William C. Brennan, Jr., Michael E. Lawlor, and Brennan, McKenna & Lawlor, Chtd., respectfully submits this Motion to Stay Proceedings or in the Alternative to Continue Sentencing. In support of this Motion, counsel state as follows.

1. In July 2023, Mr. Jones proceeded to a bench trial in this matter. On July 26, 2023, the Court issued its verdicts. Sentencing memoranda are due by January 3, 2024. Sentencing is currently scheduled for January 10, 2024 at 4:00 p.m.

2. At this time, Mr. Jones respectfully requests that this Court stay the proceedings in this matter. In the alternative, Mr. Jones requests that the Court continue the sentencing hearing to a date in Spring 2024 that is convenient for the Court and the parties.

3. On December 13, 2023, the United States Supreme Court granted a petition for writ of certiorari in *Fischer v. United States*, Supreme Court docket

1

number 23-5572. The question presented in that petition is whether the United States Court of Appeals for the District of Columbia Circuit erred in construing 18 U.S.C. § 1512(c), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence. In a pretrial motion to dismiss, Mr. Jones raised this very question. (ECF No. 67.) Ultimately, the Court found Mr. Jones guilty of the violation of 18 U.S.C. § 1512(c)(2) charged in Count Three. (ECF No. 75 at 3-5.)

4.      A decision in *Fischer* in favor of the petitioner would result in the vacatur of the guilty finding as to Count Three in this case. Such a result would bear on Mr. Jones' sentencing proceeding in important ways. For example, it would affect the calculation of the applicable advisory guidelines range. Accordingly, the undersigned counsel respectfully request that this Court stay the proceedings in this matter.

5.      In the alternative, Mr. Jones respectfully requests that this Court continue the sentencing hearing to a date in Spring 2024 convenient for the Court and the parties. The undersigned counsel are working to prepare the sentencing memorandum in this case. The undersigned counsel have recently received records and other materials for that submission and require additional time to prepare the memorandum.

6.     The request for a stay of the proceedings is opposed. The alternative request to continue the sentencing date is unopposed. The undersigned counsel have contacted Assistant United States Attorney Adam Dreher, who has advised that the Government opposes a stay in this matter but does not oppose a continuance so long as Mr. Jones remains in compliance with his conditions of release.

7.     In the event the Court denies the request to stay these proceedings, given counsel's trial calendar, the undersigned counsel respectfully request that the Court's courtroom deputy clerk clear a new sentencing date with the parties.

8.     Accordingly, Mr. Jones respectfully requests that this Honorable Court stay proceedings in this matter. In the alternative, Mr. Jones respectfully requests that the Court continue the January 10, 2024 sentencing to a date convenient for the Court and the parties in Spring 2024.

Respectfully submitted,

/s/

_____
William C. Brennan, Jr.
Michael E. Lawlor
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770
301.474.0044

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 19, 2023, a copy of the foregoing was sent to the United States Attorney's Office for the District of Columbia, via ECF.

/s/
_____
William C. Brennan, Jr.